UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN M. KEOUGH, Trustee of Fisher Hill Realty Trust, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 1:25-cv-10084-IT |
| SHONA S. PENDSE and BOYLSTOND3 LLC, | * * * | |
| Defendants. | | |

MEMORANDUM & ORDER

January 27, 2025

TALWANI, D.J.

On January 10, 2025, Defendant Shona S. Pendse filed a Notice of Removal [Doc. No. 1]

removing civil action 2484cv02939 from Massachusetts Superior Court, Suffolk County, and a

Motion for Leave to File Electronically *Pro Se* [Doc. No. 2]. On January 22, 2025, she filed a

Motion to Strike Entries in State Court [Doc. No. 4]. For the reasons specified herein, this court

denies the pending motions and orders that the case be remanded.

Defendant's filing of the Notice of Removal [Doc. No. 1] was not timely. Pendse asserts

that she received the state court action on November 21, 2024. Id. at 2. But Pendse did not file

the Notice of Removal [Doc. No. 1] in the present case until January 10, 2025, well beyond the

30-day window specified under 28 U.S.C. § 1446(b)(1).

Pendse seeks to excuse the untimeliness, stating that "a notice of removal for the State

Action was docketed in this court on December 16, 2024 (see Docket # 1:24-cv-12899 ECF #9),

less than 30 days after the State Action was received, and thus, removal was timely." Notice of

Removal at 2 [Doc. No. 1]; see also Motion to Strike Entries in State Court at 1 [Doc. No. 4]

(claiming that "this honorable court docketed [Pendse's] notice of removal in 1:24-cv-12899 ECF #9"). Pendse, not the court, filed a document entitled "notice of removal" on the docket of that earlier removed case. And Pendse's improper use of her CM/ECF filing privileges (which are granted to *pro se* litigants only for a specific case) did not open a new case in this district. Moreover, Pendse took no corrective steps to open a new case when the plaintiff in that action noted the impropriety of her filing, <u>see</u> Motion to Strike [Doc. No. 15], 1:24-cv-12899-MJJ ("[I]t is a procedurally improper attempt . . . to merge an entirely different state court case directly into this case."), or when that action was remanded to Norfolk Superior Court on December 31, 2024, <u>see</u> Order of Remand [Doc. No. 17], 1:24-cv-12899-MJJ.

In addition to the untimeliness of Defendant's new filing, Pendse also failed to include with her <u>Notice of Removal</u> [Doc. No. 1] "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," as required under 28 U.S.C. § 1446(a). Nor did Defendant include the required filing fee. And Pendse's failure to provide prompt <u>written</u> notice to Plaintiff (as demonstrated by the certificate of service claiming service by email only) following the removal is one more way that her new filing was procedurally deficient. <u>See</u> 28 U.S.C. § 1446(d).

Despite not providing a copy of the orders in the Superior Court case, Pendse asks this court to strike all entries on that court's docket entered after December 16, 2024, including the Superior Court's entry of Defendant's default on January 9, 2025, arguing, <u>inter alia</u>, that she thought this court had jurisdiction over the case as of December 16. <u>See</u> Motion to Strike Entries in State Court [Doc. No. 4]. This court has no authority to strike entries on another court's docket, but notes in any event that Pendse never filed a responsive pleading in this court, either. See Fed. R. Civ. Proc. 81(c)(2) (responsive pleading due, at the latest, seven days after removal).

2

The court notes finally that CM/ECF filing is not needed where the case is being remanded.

Accordingly, the pending motions are DENIED, and this case shall be remanded to Suffolk County Superior Court.

IT IS SO ORDERED.

January 27, 2025                              /s/ Indira Talwani
                                             United States District Judge